ELLEN E. TURNER *vs.* RICHARD J. PATTERSON.

Worcester. October 6, 1893. — October 20, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Account annexed — Services rendered — Contract — Instructions.*

No exception lies to the refusal to give instructions in the terms requested, if they are given in substance.

CONTRACT, upon an account annexed, to recover $1,450, for services rendered by the plaintiff, as an organist, to the defendant, as pastor of a Roman Catholic church, from January 1, 1883, to May 23, 1889. Answer: 1. A general denial. 2. Payment. 3. Accord and satisfaction. 4. That the plaintiff agreed with the defendant to render the alleged services without compensation. 5. That the plaintiff directed the defendant to apply to the purposes of the church all sums of money due her for such services. 6. The statute of limitations. Writ dated October 22, 1889. Trial in the Superior Court, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiff put in evidence the report of an auditor, who

found that the defendant, the pastor of St. John's Roman Catholic Church in Clinton, from a date prior to 1882 to May 23, 1889, employed the plaintiff as organist at the church, at a salary of $400 per year; that this salary had been paid to her until May 23, 1889, when she was discharged; that the plaintiff's claim in this action was for extra services performed by her as organist, from January 1, 1883, to the date of such discharge, at masses for funerals and memorials for the dead, at the rate of two dollars for each service; that all items of the account prior to October 22, 1883, were barred by the statute of limitations; and further found as follows:

" I find that on June 15, 1884, the defendant had paid the plaintiff all there was then due to that date, for both funeral and memorial services, and that she then directed him to retain all her moneys which he might collect for her future services at requiem masses for funerals and monthly memorials of the dead, and apply the same in the construction and decoration of the new church edifice, and that the defendant thereafter received for said services $502, which he expended upon a memorial window, and that this amount so received, as admitted by the defendant in his testimony, being more than otherwise proved in the case for both said funeral and memorial services, would be the sum, to wit, $502, due her from the defendant had he not properly applied the same, by her request and direction, in the decoration of said church. But I find that the defendant did properly expend said sum of $502, as so directed and authorized by the plaintiff. I accordingly find that the plaintiff is not entitled to recover anything of the defendant."

It was agreed at the trial, that, if the plaintiff was entitled to recover anything, she was entitled to recover the above named sum of $502. The plaintiff testified, in substance, that she made an arrangement with the defendant as to the special services sued for, by which he was to pay her two dollars for each service from money collected from the people who had the religious services performed; and that she never authorized him to apply the money so collected as a gift to the church, or for the use of the church. The defendant testified, in substance, that he paid the plaintiff for her services, from money collected from the people who asked for the services, until September,

1884, when, upon his offer to pay her, she refused to take the money, and said that she would accept no compensation beyond her salary for such services; that later he again offered her money for another service, and she again refused to accept it, and said that she presented it to the church and intended to do so as long as she was organist; that he accepted it, and afterwards applied all the money so donated by her to payment for one of the windows of the church; that she never afterwards asked him for any money for these services, or asked him how he was applying the money, or made any inquiry concerning it; that, after her discharge, she demanded the money for the services; and that he told her that he owed her nothing, and that she had given all of it to the church. Several other witnesses testified that the plaintiff told them that she had given the money otherwise coming to her to the defendant for the use of the church.

At the close of the evidence, the defendant asked the judge to instruct the jury, among other things, as follows:

" 3. If the jury find that the special services referred to were rendered, to be paid for by the persons procuring such services, and that the defendant was to collect such payments and to give to the plaintiff a certain portion of the sums when so collected, then the plaintiff cannot recover against the defendant in this action on the pleadings. 4. If the jury find that any sum of money on account of the special services performed by the plaintiff were deposited or left by her with the defendant, to be applied by him for any purpose, the plaintiff cannot recover in this action on the pleadings. 5. If the jury find that the plaintiff instructed the defendant to retain the sums of money collected by him from the persons procuring the special services referred to in the evidence, and to apply such sums of money to a specific purpose, the defendant is not accountable to the plaintiff for the disposition of such sums of money in this action on the pleadings. 6. If the jury find that the plaintiff stated to the defendant that she should not receive or accept any sums of money to be collected for the special services referred to, and directed that such sums of money should be applied to the purposes of the church, then the plaintiff cannot recover in this action on the pleadings."

The judge declined to give the instructions requested, and, among other things, instructed the jury as follows :

" If you find, taking all the evidence in the case, that the defendant asked this plaintiff to perform these services, and said so to her at the time, or subsequently, either by language or by his conduct, there was an arrangement or agreement made between them that she should render these services, and she should receive the sum of two dollars for each, then I instruct you, as matter of law, that is evidence sufficient to find there was a contract made and entered into between them. If, however, you are left in doubt, or the plaintiff has not so satisfied you, then you will return a verdict for the defendant, and you have no occasion further to consider the case; but if she has satisfied you that this contract was entered into between them, then you come to the consideration of the next issue in the case, and that is, whether five hundred and two dollars, which it is admitted she is entitled to recover, has been paid. Here the defendant says, if at any time I did owe you any sum of money whatever for the services, I have paid that sum of money, because, under your direction and at your request, instead of turning it over to you, I have paid it to the church for general or for specific work, and therefore, that payment having been made at your request, it is equivalent to having made it to you, and I owe you nothing. The parties are at issue as to whether this took place. You will recur to the evidence, and bear in mind what the plaintiff has to say, and what the defendant has to say, and also the witnesses that have been called. . . .

" You are to pass upon all the evidence, and I instruct you the burden of proof is upon the defendant to make out this defence. If he has satisfied you, by a fair preponderance of the evidence, that in 1884, or at any subsequent time, the money which was accruing and coming to this plaintiff for services performed in relation to these ceremonies was to be turned over by him for the purpose of general work, or charitable work, or for these memorial windows, then in that case he has paid the plaintiff, and the plaintiff cannot recover; but if he has failed to satisfy you by a fair preponderance of the evidence, or left it in doubt, then the defence is not made out, and she can recover."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. F. Baker & H. Parker*, for the defendant.

*J. Smith & W. S. B. Hopkins*, for the plaintiff.

BARKER, J. The auditor's report was some evidence that the five hundred and two dollars which it was agreed at the trial the plaintiff was entitled to recover if she was entitled to recover anything, was for moneys which the defendant had collected for the plaintiff, in contradistinction from moneys due her for services rendered to him. There is no count for money had and received, and the items under the count on an account annexed are for services. The defendant's third request was directed to this state of the evidence and pleadings, and was not given in terms. But the jury were told, in substance, that the plaintiff could not recover unless they found a contract between the parties that the plaintiff should render the services to the defendant, and that if they were left in doubt, or the plaintiff had not so satisfied them, they should return a verdict for the defendant. This was, in substance, giving the ruling requested.

The fourth, fifth, and sixth requests also were substantially given in that portion of the charge which instructed the jury that if the money coming to the plaintiff was to be turned over by the defendant for general or charitable work, or for memorial windows, the plaintiff could not recover.

*Exceptions overruled.*